Tod Gardner Informal Opinion Greg Goldthwait No. 2008-1 Tod GardnerGreg Goldthwait Fire Commissioners Big Flats Fire District #1 c/o Thomas W. Reed II 2 West Market Street Suite D P.O. Box 143 Corning, New York 14830
Dear Commissioners Gardner and Goldthwait:
You have asked how to fill existing vacancies on the board of fire commissioners.[1] We understand that, due to death and resignations, three vacancies occurred on the board in rapid succession, leaving two commissioners sitting on the board.[2]
Article 11 of the Town Law governs the establishment and operation of fire districts. Section 176 of the Town Law outlines the powers and duties of the fire district commissioners, who constitute the board of fire commissioners. Of particular relevance here, section 176(3) provides that, "[w]henever a vacancy shall occur in any fire district office, the board of fire commissioners of such district, or a majority of the members *Page 2 
thereof in office may appoint a qualified person to fill the vacancy." Town Law § 176(3). This language applies to vacancies in both appointive and elective offices. Id. The office of fire district commissioner is elective. Id. § 174(2) .
By its terms, section 176(3) authorizes you two commissioners, as the "members [of the board of fire commissioners] in office," to appoint qualified persons to fill vacancies on the board. Despite the language of section 176(3), however, the Office of the State Comptroller in 1964 opined that two fire commissioners could not exercise the appointment power granted by the statute, because they did not constitute a quorum under section 41 of the General Construction Law. See 1964 Op. St. Comptr. No. 788. Section 41 establishes general quorum and voting requirements for public bodies, providing that,
 [w]henever three or more public officers are given any power or authority, or three or more persons are charged with any public duty to be performed or exercised by them jointly or as a board or similar body, a majority of the whole number of such persons or officers . . . shall constitute a quorum and not less than a majority of the whole number may perform and exercise such power, authority or duty. For the purpose of this provision the words "whole number" shall be construed to mean the total number which the board, commission, body or other group of persons or officers would have were there no vacancies and were none of the persons or officers disqualified from acting.
General Construction Law § 41.
Admittedly, if this provision were applicable, you as the two remaining members of a five member board, see Town Law § 174(2), would not constitute a quorum of the board and, thus, could not exercise the authority granted by Town Law § 176(3). However, we are of the opinion that General Construction Law § 41 is inapplicable in the circumstances presented.
Section 41 of the General Construction Law does not trump another statute where, as is the case with Town Law § 176(3), its "general object, or the context of the language construed . . . indicate that a different meaning or application was intended from that required to be given" by the General Construction Law. General Construction Law § 110.See Roosevelt Islanders for Responsible Southtown Dev. v. RooseveltIsland Operating Corp., *Page 3 291 A.D.2d 40, 49 (1st Dep't 2001) ("General Construction Law § 110 permits variance from the quorum requirements of section 41 when the language or general object of a statute indicates to the contrary."). In our opinion, the express statement in Town Law § 176(3) that "a majority of the members [of the board] in office" may appoint a qualified person to fill a vacancy in a fire district office renders the provisions of General Construction Law § 41 inapplicable.
Indeed, statutory language similar to Town Law § 176(3) has been judicially construed to constitute an express departure from the quorum requirement of General Construction Law § 41. Instructive in this connection is Roosevelt Islanders for Responsible Southtown Dev. v.Roosevelt Island Operating Corp., 291 A.D.2d 40 (1st
Dep't 2001) (hereinafter referred to as "Roosevelt Islanders") .
In Roosevelt Islanders, the question presented was whether a determination made by four members of the board of directors of the Roosevelt Island Operating Corporation ("RIOC"), a public benefit corporation, was valid. By statute, the RIOC board was composed of nine members. At the time of the vote in question, only six board positions were filled, and only four directors attended the meeting at which the vote was taken. All four members present voted in favor of the question before them. Construing a statute that provided that "any action taken by the directors of the corporation shall be taken by majority vote of the directors then in office," the court concluded that this language "evinc[ed] a clear, explicit indication from the Legislature that a majority of the directors of the Board then in office constitutes a quorum." 291 A.D.2d at 49-50. Therefore, the court held, an affirmative vote by four out of the six current board members, a majority of the directors then in office, was valid. Id.
Here, like the situation in Roosevelt Islanders, the language of Town Law § 176(3) constitutes an explicit statement of intent to establish a quorum requirement different from that contained in General Construction Law § 41 for the purpose of filling vacant fire district offices.
In sum, we conclude that you, as the two fire commissioners in office, may appoint qualified persons to fill the three vacancies that now exist on the board.[3] To maximize participation in the *Page 4 
selection of qualified individuals to fill the vacant commissioner positions, however, we recommend that you appoint one commissioner and, upon his or her qualification, the three of you appoint a fourth commissioner, and so on.
The Attorney General issues formal opinions only to officers and departments of state government. This is thus an informal opinion. Very truly yours,
KATHRYN SHEINGOLD Assistant Solicitor General In Charge of Opinions.
[1] Although we have a strict policy of issuing informal opinions only upon the request of the attorney for the local government, we have agreed to render an opinion in response to your request due to the unique circumstances underlying your question. The Fire District currently has no attorney, and your question directly implicates your authority to appoint one.
[2] From press reports, we understand that two of the commissioners resigned at a meeting of the commissioners on the evening of February 14. Salle E. Richards, Two Big Flats Fire Commissioners Resign, Star-Gazette (Elmira, N.Y.), Feb 16, 2008, at 2C. One commissioner, not present at the February 14 meeting, died on February 15, 2008.Obituaries, Star-Gazette (Elmira, N.Y.), Feb. 18, 2008, at 3C.
[3] These appointees will serve on the board on an interim basis. An election to fill the unexpired portions of the terms must be held at the next annual fire district election. Town Law § 176(3). The appointees will serve until December 31 following that election, and the elected commissioners will commence to serve on January 1. Id. *Page 1